

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 6/23/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANGELO A. GONZALEZ          DOCKET NO. 11-CV-414; SEC. P
A.K.A. ANGELO A. GONZALES[1]

VERSUS                      JUDGE DEE D. DRELL

CORRECTIONS CORPORATION OF  MAGISTRATE JUDGE JAMES D. KIRK
AMERICA, ET AL.

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Angelo A. Gonzalez, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Rayburn Correctional Center in Angie, Louisiana. He complains of incidents occurring at that facility and at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff seeks compensatory damages. He names as defendants the Corrections Corporation of America ("CCA"), Winn Correctional Center, Captian Miles and Lieutenant Mike.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the reasons that follow, it is recommended that the complaint be denied and dismissed.

---

[1] Some of Plaintiff's federal lawsuits were docketed under *Gonzalez* and others docketed under *Gonzales*.

## *Background*

Plaintiff complains that the defendants failed to protect him from another inmate at Winn Correctional in or before 2005. He was transferred from Winn to Rayburn Correctional in 2006. He presents allegations of incidents that occurred at Rayburn from 2006 on, and he has filed suits regarding those incidents in the Eastern District of Louisiana. Those suits have been dismissed.

The incident complained of in this case with respect to Winn Correctional allegedly took place in or around 2005. Plaintiff states that he filed a suit regarding that incident in the 19th Judicial District Court of Louisiana back in 2005. He states that his "failure to continue my lawsuit" lead to the suit being dismissed as abandoned. [Doc. #1, p.8] Apparently, on December 30, 2010, Plaintiff filed a motion to set aside the dismissal. He claims that on January 18, 2011, the judge recommended that venue be changed to Winnfield. He now seeks to remove/transfer the case to the Western District of Louisiana.

## *Law and Analysis*

Although Plaintiff asks for a transfer of venue[2], he is actually attempting to remove his case from state court to federal

---

[2] 28 U.S.C. §1404 states that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This applies to cases that are already pending in federal district court. It does not contemplate cases being "transferred" from state court to federal court. The process by which a case is "transferred" to federal court is called removal.

court. According to 28 U.S.C. §§ 1441(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending. The removal statutes, 28 U.S.C. §§ 1441, 1446, authorize removal **only by defendants**. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). "It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to a defendant or defendants." Id. Plaintiff's attempt at removal is procedurally defective as only defendants are permitted to remove from state court to federal court.

To the extent that Plaintiff's complaint is attempting to state a new civil rights claim, the complaint is prescribed on it's face; it involves factual allegations from at least 2005, if not before. District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). There is no federal statute of limitations. Accordingly, the forum

state's statute of limitations for general personal injuries is used in civil rights claims. Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year.

Plaintiff cannot use "transfer" or "removal" to circumvent the one year limitations period and revive an prescribed claim.

### *Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

**Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

**Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of June, 2011.